### C. R. WILSON *v.* JAY H. NORTHUP.

Setting Aside Judgment by Default.

The law requires a clerk of a court, upon the return of a summons
served, to enter in full upon the docket the return, and the entry
thus made is evidence of the service, and this evidence is entitled
to more weight than the recollection of a witness; and a judgment

by default will not be set aside on the ground of no service where such return is shown upon the mere statement of the defendant that he received no summons and of the deputy sheriff that he had no distinct recollection about it.

### Defendant Required to Show Defense.

Before a defendant can set aside a judgment taken against him by default he must show the facts which he claims constitute his defense to the action.

APPEAL FROM LAWRENCE CIRCUIT COURT.

January 17, 1885.

Opinion by Judge Holt:

This appeal questions a judgment by default in favor of the appellee against the appellant and under which a lien was enforced against the land for the price.

The appellant first appeared to the action at the term of the court next subsequent to the judgment by filing exceptions to the commissioner's report of the sale and moving to vacate the judgment. The motion and exceptions were both based upon the ground that the judgment was rendered without any service of a summons upon or appearance by him to the action, in which event it would be void.

Under the present Code of Practice an appeal can not be taken to this court from even a void judgment (as was formerly the case) until a motion has been made in the inferior court to correct it. [Civil Code, Section 763; *Bullitt v. Commonwealth,* 14 Bush (Ky.) 74.]

This having been done in this case the question at issue is properly before us.

The appellant testified that no summons was ever served upon him. He supported his statement by the testimony of the Deputy Sheriff, J. Q. Lackey, who stated that he had no recollection of having served it and had no memorandum of having done so or any charge for it, but that he had served a great many of them and might be mistaken.

It appeared from the evidence that the summons had been lost. The endorsement upon the petition reads thus: "Filed January 2, 1882. Summons and copy issued. A. J. Garrard, C. L. C. C."

The equity docket for the term of court at which the judgment

was rendered, being offered in evidence, this endorsement appeared thereon: "Executed on C. R. Wilson by delivering him a copy of the within January 21, 1882. John Thompson, S. L. C., by John Q. Lackey, D. S."

The clerk testified that he issued the summons and that he made the above entry on the docket and copied it from the return on the summons, which was then before him.

Section 670 of the Civil Code provides as follows: "He (the clerk) shall, upon the return of a summons served, enter in full upon the docket the return of the officer executing the summons. The entry shall be evidence of the service of the summons if it shall be lost."

This record evidence is entitled to more weight than the recollection of a witness, however honest he may be, owing to the fact that the numerous transactions of life tend to efface others from his memory and necessarily renders his recollection more or less faulty.

The presumption is in favor of the judgment; and the appellant has the burden when he seeks to set it aside. *Magee v. Phelps, et al.,* 4 Kentucky Law Reporter, 615; *Powers & wife v. Tyler, et al.,* 4 Kentucky Law Reporter, 173, 11 Ky. Opinion, 869.

The appellant failed to show that he had any defense whatever to the action. It is true he states in an affidavit that he has one, but he does not state it or even intimate its character.

The decree recites that the defendant had "been duly served with process more than ten days before the first day of this term," and while this is not in itself sufficient evidence of the service, as it is a mere formal recital, yet it may be considered in connection with the other testimony; and in view of the entire record we do not feel authorized to say that the court below was wrong in its opinion.

Judgment *affirmed.*

[*This case has not been reported in abstract nor in full.*]

J. E. & J. L. Stewart, for appellant.

R. T. Burns, for appellee.